Curia, per Wardlaw, J.
This was an action of assump-sit on the contract, — not of case for a false representation. The representation that the sloop “ has just been .new planked, bottomed and additionally timbered,” which was contained in the advertisement, was a deliberate statement of matters as facts within the knowledge of the seller, which was well calculated to give confidence, and if it was false, the falsehood is not extenuated by any thing in the law concerning the simple commendation which a seller may give, or the bias which is indulged in mere matters of opinion. If nothing else but the subsequent inspection by the purchaser opposed, there should be no hesitation in holding the representation to be a warranty of the particulars represented, for very clear evidence that the purchaser did not at all rely on it would then be requisite to shew that it did not enter into the contract.
But the bill of sale, which contains a warranty of title and is silent as to the condition of the vessel, is said to shew, in writing, the agreement between the parties, and thus to exclude all warranty, or other stipulation not therein mentioned. ^ was decided, and relation to the sale of a ship, too, in Ponster v. Fobes. Our own case of Wood v. Ashe, whilst it admits, according to Wells v. Spears, that a bill of sale of a *187 slave which contains only a warranty of title does not ex-elude the implied warranty of soundness, holds that where; the implication of warranty does not arise, such a bill of sale is evidence of the whole contract, and no express warranty of soundness can be added to it by parol. As to the implied warranty, our doctrine seems to be that notwithstanding a writing which contains a warranty of title only, the implied warranty, wherever it would arise if there was no writing, is tacitly annexed by the law as an incident of the agreement which the parties are presumed to have had in their contemplation. The case of Whitfield v. McLeod shews that the warranty of soundness of a ship, as of any other chattel, will be implied from a fair price, if the implication be not rebutted. If, then, the implied general warranty of soundness would serve the plaintiff’s case, to that he might resort; but the evidence shews clearly that if the plaintiff can recover at all he must recover upon a special express warranty, that the vessel was new bottomed. He says that the bill of sale was required by Act of Congress, to give to the vessel, in the hands of the purchaser, the privileges which pertain to a registered vessel owned by a citizen of the United States ; that it was intended to express one branch only and not the whole of the contract between the parties ■ and that there is nothing in the law prohibiting the varying of a writing by parol, which forbids the establishment by parol of another branch of the contract, or of an independent collateral stipulation which no statute requires to be in writing.
Without here inquiring how far, in such a case as this, pa-rol evidence of a special warranty might be admitted without varying the terms of the written agreement, or contradicting the authority of Wood v. Ashe, it is sufficient to observe, first, that the presumption always is, in the absence of proof, that the parties to any written agreement between them have, on the subject matter, expressed their whole agreement - and second, that under the instructions which were given in this case, the jury may well be considered to have negatived the sufficiency of the evidence to rebut this presumption. Indeed the final view taken of the ease by the Recorder, seems to have left the jury at full liberty to find the special warranty, and assuming it, to proceed tó the questions of breach and damages. The long delay of complaint on the part of the plaintiff, the opportunities which with suitable diligence he might have enjoyed of soon discovering the defect now complained of, his expressions of satisfaction with every thing but the draft of the vessel, his serviceable use of her, and her great deterioration before the re-sale, seem in any view to justify the verdict.
The motion is dismissed.
Evans and Frost, JJ. concurred.

Motion refused.